IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| TEYONNDA DE JESUS-ISRAEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-44-RBS-DEM |
| ) | |
| U-HAUL INTERNATIONAL, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS AND COMPEL ARBITRATION**

The Complaint filed by Plaintiff Teyonnda de Jesus-Israel ("Plaintiff") attempts to allege causes of action under the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 1201 *et seq.* ("ADA"). Plaintiff's claims against Defendants Robert Barras ("Barras") and U-Haul International, Inc. ("Defendant" or "UHI") are legally defective in multiple regards. First, as implied by this Court's Order dated June 21, 2021 (ECF No. 8), Mr. Barras should be dismissed because the ADA does not authorize individual liability on failure to accommodate claims. Next, UHI should not be the named entity in this case—Plaintiff is employed by U-Haul Co. of Virginia ("U-Haul"), which is a wholly-owned subsidiary and affiliate of UHI. While an amendment could cure this defect, any potential claims Plaintiff has must be asserted through mandatory, binding, and individual arbitration, as stipulated by the clear, valid, and enforceable agreement that she entered into with U-Haul. And this defect is jurisdictional and cannot be cured.

Accordingly, and for the reasons discussed below, this Court should dismiss the entirety of the Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, *with prejudice*, and compel arbitration of Plaintiff's claims under the Federal Arbitration Act, as amended, 9 U.S.C. §§ 1 *et seq.* ("FAA").

## I.     RELEVANT FACTUAL BACKGROUND

Plaintiff began her employment with U-Haul as a remote sales and reservation agent in May 2018. (*See* Compl., ECF No. 3, at 1.) Plaintiff remains employed; however, she has been on voluntary personal leave without pay status since early 2020 to rest her "Tennis Elbow/Carpal Tunnel." (*See* Workers' Compensation Case, attached as Ex. A.)[1] According to Plaintiff, these conditions are disabilities and U-Haul has not accommodated her in violation of the ADA—neither contention is supported by facts or the law.[2] Notwithstanding, it is clear from the face of the Complaint that Plaintiff's alleged ADA claims wholly relate to her employment relationship with U-Haul.

Upon hire, Plaintiff received notice of U-Haul's Employment Dispute Resolution Policy and freely and voluntarily executed an arbitration agreement with U-Haul. (Arbitration Agreement, attached as Ex. B.) The Arbitration Agreement is clear and unambiguous, it is mutually binding on both parties, and it provides, *inter alia*, that: Plaintiff must "submit to final and binding arbitration [of] any and all claims and disputes (except for charges filed with the National Labor Relations Board) that are related in any way to my employment or the termination of my employment U-Haul…" (*Id.* at 3.) The Arbitration Agreement also provides that the "mutual obligations to arbitrate may not be modified or rescinded except by a written statement

---

[1] While analysis on a motion to dismiss is typically informed by the four corners of a complaint, courts can consider additional documents not attached to the complaint as long as "[they] were integral to the complaint and there is no dispute about [their] authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

[2] Reference to any allegations in the Complaint is done solely for purposes of this motion. Defendants expressly deny the material allegations of Plaintiff's Complaint and deny liability to Plaintiff for any violation of law. Defendants also reserve the right to challenge any other allegations if this motion is denied.

signed by both me and U-Haul." (*Id.* at 3.) As confirmed below, the Arbitration Agreement that Plaintiff knowingly and voluntarily entered into with U-Haul indisputably covers the instant dispute and requires that it be resolved by and through binding arbitration.

## II. LEGAL STANDARD

"For motions made pursuant to Fed. R. Civ. P. 12(b)(1), the evidentiary standard depends on whether the challenge is a facial attack on the sufficiency of the pleadings, or an attack on the factual allegations that support jurisdiction." *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003) (internal citations omitted). "If the defendant is attacking the sufficiency of the complaint, the court must accept all of the complaint's factual allegations as true." *Id.* at 782-83. By contrast, if the defendant claims the facts in the complaint are untrue and attacks the factual allegations that support jurisdiction, "the pleadings are regarded as mere evidence[,] [t]he court then weighs the pleadings and all of the other evidence to determine whether subject-matter jurisdiction exists." *Id.*; *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004) (In determining whether subject-matter jurisdiction exists, district courts "may consider evidence outside of the pleadings without converting [a motion to dismiss] to one for summary judgment."). Ultimately, the burden of establishing that subject matter jurisdiction exists falls on the plaintiff. *See U.S. ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347-48 (4th Cir. 2009); *Allen*, 245 F. Supp. 2d at 782 (internal citations omitted). And dismissal is warranted for any claims over which the court lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1)

## III. ARGUMENT

Application of the Federal Arbitration Act, as amended, 9 U.S.C. §§ 1 *et seq*. ("FAA") requires that: (1) a dispute exists between the parties; (2) a written agreement exists that includes an arbitration provision which purports to cover the dispute; (3) the transaction is related to

interstate or foreign commerce; and (4) the opposing party has failed, neglected, or refused to arbitrate the dispute. *Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 84 (4th Cir. 2016). The FAA applies in this case. The parties are in dispute over Plaintiff's alleged ADA failure to accommodate claims—U-Haul maintains that it is not liable for any alleged violation of the ADA. Next, the Arbitration Agreement indisputably covers Plaintiff's ADA claims and involves interstate commerce. Finally, the present dispute is undeniably the result of Plaintiff's failure, neglect, or refusal to arbitrate her disputes with U-Haul.[3]

Accordingly, this action should be dismissed in favor of mandatory and binding individual arbitration, which would fully resolve Plaintiff's claims and eliminate the need for further judicial intervention by this Court.

### A. Plaintiff's Claims Are Subject to Compulsory Arbitration Under the FAA

The FAA manifests an "emphatic federal policy in favor of arbitral dispute resolution" and requires that courts "rigorously enforce agreements to arbitrate." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1985), and *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 221 (1985). This is because the FAA was enacted to "reverse the longstanding judicial hostility" towards arbitration agreements, which American courts adopted from English common law, "and to place arbitration agreements upon the same footing as other contracts." *Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991) (internal citations omitted). As such, absent a legal defect in the agreement itself, the FAA requires mandatory enforcement. *Id.*; 9 U.S.C. § 2 (The FAA provides that all agreements to arbitrate "shall be *valid, irrevocable and enforceable*, save upon such grounds as exist at law or in equity for the revocation of any contract.") (emphasis added). And even general contract provisions that would weaken the FAA's favoritism of

---

[3] Elements one and four are self-evident and do not require further argument.

arbitration agreements cannot be applied to defeat arbitration. *See AT&T Mobility LLC v. Conception et ux.*, 563 U.S. 333, 343-352 (2011). Put simply, when faced with a valid arbitration agreement—as is the case here—courts must resolve any doubts on whether a claim can be arbitrated in favor of compelling arbitration. *See Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983); 9 U.S.C. § 3.

Courts "may dismiss or stay a suit that is governed by the FAA." *Chronister v. Marks & Harrison, P.C.*, No. 3:11-cv-688, 2012 WL 966916, at *2 (E.D. Va. March 21, 2012) (J., Spencer) (citing 9 U.S.C. § 3; *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-710 (4th Cir. 2001)). However, the Fourth Circuit and courts within the Fourth Circuit—including this Court—have routinely held that dismissal is the appropriate remedy where the claims in a lawsuit would be properly brought as part of an arbitration proceeding. *See, e.g.*, *Choice Hotels*, 252 F.3d at 709-710 ("dismissal is the proper remedy when all the issues presented in the lawsuit are arbitrable"); *Thompson v. Kellogg Brown & Root (KBR)/Halliburton*, No. 3:07-cv-793, 2008 WL 2019570, at *5 (E.D. Va. May 9, 2008) (J., Spencer) (dismissing lawsuit in favor of arbitration pursuant to the arbitration clause in the employment agreement); *Csukardi v. Platinum Corral, LLC*, No.6:16-cv-64, WL 639376, at *7 (W.D. Va. Feb. 16, 2017) (J., Moon) (dismissing the plaintiff's ADA claims for lack of subject matter jurisdictions and compelling the parties to submit their dispute to arbitration).

  1. <u>*The Arbitration Agreement covers the scope of the present dispute*</u>.

Plaintiff's ADA claims fall squarely within the scope of the binding Arbitration Agreement executed by the parties. The Arbitration Agreement makes clear that Plaintiff must "submit to final and binding arbitration [of] any and all claims and disputes (except for charges filed with the National Labor Relations Board) that are related in any way to [her] employment or the termination

of [her] employment with U-Haul..." (Ex. B at 3.) And it is clear from the face of the Complaint that Plaintiff's claims are wholly related to her employment with U-Haul. Moreover, it is well-settled that the ADA expressly permits and encourages arbitration of such disputes. 42 U.S.C. § 12212 ("… arbitration[] is encouraged to resolve disputes arising under this Chapter"); *see, e.g.*, *Austin v. Owens-Brockway Glass Container, Inc.*, 78 F.3d 875 (4th Cir. 1996) (enforcing an agreement to arbitrate claims under the ADA). Accordingly, Plaintiff must be compelled to arbitrate her claims under the FAA. *See Klein v. Verizon Commc'ns, Inc.*, 920 F. Supp. 2d 670, 679 (E.D. Va. 2013) ("[a] district court must grant a motion to compel arbitration where a valid arbitration clause exists and the issues in [the] case fall within the purview of such a clause").

    2. *The Arbitration Agreement involves interstate commerce.*

The FAA's reference to interstate commerce reflects clear Congressional intent to extend its power under the Commerce Clause to the fullest extent possible. *See Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1995). Accordingly, whether a transaction or contract "involves" interstate commerce requires an expansive construction of the term. *Id.* Put another way, a matter "involves" commerce for FAA application if it simply "affects" commerce—a standard routinely applied by courts when Congressional intent is designed to exercise powers under the Commerce Clause to its fullest extent. *Id.* at 274-276.

UHI and U-Haul conduct business nationwide. And, as a remote sales and reservation associate, Plaintiff was expressly responsible for engaging in communication with consumers calling from anywhere; supporting consumer rental of trucks and vans for nationwide travel; arranging the rental of trailers, including auto-transport trailers for movement of consumers' personal vehicles across state lines; and arranging the provision of related goods and services, such

as storage unit rentals, throughout North America. This is interstate commerce. As such, it is indisputable that the FAA's interstate commerce requirement is satisfied in this case.

### B. The Arbitration Agreement Is Valid and Enforceable

Under the FAA, an arbitration agreement is enforceable if: (1) it is part of a contract or transaction involving interstate commerce, and (2) it is valid under general principles of contract law. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500-501 (4th Cir. 2002). As established above, the first element is satisfied. The only issue that remains is whether the Arbitration Agreement is valid and enforceable contractually. For the following reasons, that query can be answered affirmatively.

As a threshold matter, federal courts look to applicable state law governing contract interpretation. Virginia law requires three elements to form a valid contract: offer, acceptance, and consideration. *Monagna v. Holiday Inns, Inc.*, 269 S.E.2d 838, 844 (Va. 1980). All three requirements are satisfied here. Plaintiff's electronic signing of the Arbitration Agreement demonstrates offer and acceptance in itself. Assuming *arguendo* that it does not, arbitration agreements do not need to be signed to be enforceable. 9 U.S.C. § 2 ("Arbitration Agreements must be in writing to be enforceable, but they need not be signed.") Indeed, assent to an arbitration agreement in the absence of a signed document may be manifested by an employee beginning or continuing to work for the employer, knowing that her employer has implemented a binding arbitration policy. *See Phillips v. Mazack*, 643 S.E.2d 172, 175 (Va. 2007) ("We ascertain whether a party assented to terms of a contract from that party's words actions …"); *see also Wells v. Weston*, 326 S.E.2d 672, 676 (Va. 1985) ("Mutual assent by the parties to terms of a contract is crucial to the contract's validity.") Here, there is no question that Plaintiff began working and has

continued working with knowledge of U-Haul's binding arbitration policy, which also demonstrates offer and acceptance.

The law in Virginia is also clear that a mutual agreement to arbitrate constitutes sufficient consideration for both parties. *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272, 275 (4th Cir. 1997) ("A mutual promise to arbitrate constitutes sufficient consideration for this arbitration agreement."); *Price v. Taylor*, 466 S.E.2d 87, 88 (Va. 1996) ("[I]t is well established that mutual promises in a contract constitute valuable consideration."); *see also McNeil v. Haley South, Inc.*, No. 3:10-cv-192, 2010 WL 2670547, at *6 (E.D. Va. Sept. 13, 2010) (J., Lauck) ("a mutual promise to arbitrate itself constitutes consideration for an arbitration agreement") (internal citations omitted); *Louis v. Geneva Enters. Inc.*, 128 F. Supp. 2d 912, 915 (E.D. Va. 2015) (*same*) (*citing Johnson v. Circuit City Stores*, 143 F.3d 373, 377-78 (4th Cir. 1998) (finding that "a mutual promise existed when a potential employee signed an agreement to arbitrate as a condition of her employment")). The fact the Arbitration Agreement is mutually binding is sufficient to demonstrate adequate consideration in this case. For good measure, the Arbitration Agreement also provides additional and valuable consideration to Plaintiff: UHI agrees to pay any fees and administrative costs exceeding the maximum fees established by the rules of the American Arbitration Association, "or the amount equal to [the] local civil filing fee, whichever is less." (Ex. B at 3.) In light of the foregoing, the Arbitration Agreement is valid, enforceable, and sufficient to compel dismissal of this action in favor of an arbitral forum.

### C. Dismissal Pursuant Fed R. Civ. P. 12(b)(1) Is Appropriate

Because Plaintiff agreed to submit the claims asserted in the action to binding arbitration, this Court should dismiss this lawsuit for lack of subject matter jurisdiction. *See Joyner v. GE Healthcare*, No. 4:08-2563, 2009 WL 3063040, at *2 (D.S.C. Sept. 18, 2009) ("[w]hether the

parties have agreed to arbitrate their disputes is a jurisdictional question") (citing *Bhd. V. Ry. & SS Clerks v. Norfolk S. Ry. Co.*, 143 F.2d 1015, 1017 (4th Cir. 1944)). The Fourth Circuit has made clear that "[n]otwithstanding the terms of § 3" of the FAA, which allows courts to issue a stay pending arbitration, "*dismissal is the proper remedy* when all of the issues presented in a lawsuit are arbitrable." *Choice Hotels Int'l*, 252 F. Supp. 3d at 709-710 (emphasis added). That is the case here. Therefore, this Court should dismiss Plaintiff's Complaint, in its entirety, and *with prejudice*, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court compel arbitration of this dispute and order this matter dismissed, *with prejudice*.

Dated: July 6, 2021

                                              Respectfully submitted,
                                              **U-HAUL INTERNATIONAL, INC., and ROBERT BARRAS**

                                              By: /s/ *W. Ryan Waddell*
                                              Jimmy F. Robinson, Jr. (VSB No. 43622)
                                              jimmy.robinson@ogletreedeakins.com
                                              W. Ryan Waddell (VSB No. 91148)
                                              ryan.waddell@ogletreedeakins.com
                                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
                                              901 East Byrd Street, Suite 1300
                                              Riverfront Plaza, West Tower
                                              Richmond, Virginia 23219
                                              Telephone: (804) 663-2340
                                              Facsimile: (804) 843-1809
                                              *Counsel for Defendants*

## ***ROSEBORO V. GARRISON* WARNING**

Defendants have filed this memorandum in support of their Motion to Dismiss and Compel Arbitration, which, if granted, would dismiss your case. Because Defendants seek dismissal of this action, *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), requires that the following notice be sent to you as a *pro se* Plaintiff. Pursuant to Rule 7(K) of the Rules of the United States District Court for the Eastern District of Virginia, as a *pro se* Plaintiff, you are hereby warned of the following:

1) You are entitled to file a response opposing Defendants' motion and any such response must be filed within twenty-one (21) days of the date on which Defendants' motion was filed;

2) The Court could dismiss your action on the basis of the Defendants's motion if you do not file a response;

3) You must identify all facts stated by the Defendants with which you disagree and must set forth your version of the facts by offering affidavits (written statements signed before a notary public and under oath) or by filing sworn statements (bearing a certificate that it is signed under penalty of perjury); and

4) You are also entitled to file a legal brief in opposition to this memorandum and Defendants' motion.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of July 2021, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing (NEF) to Plaintiff; a hard copy was also mailed, postage prepaid, to:

Teyonnda de Jesus-Israel
838 19th Pl.
Newport News, Virginia 23607
teyonnda@yahoo.com
*Pro se*

    /s/   *W. Ryan Waddell*
Jimmy F. Robinson, Jr. (VSB No. 43622)
jimmy.robinson@ogletreedeakins.com
W. Ryan Waddell (VSB No. 91148)
ryan.waddell@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
901 East Byrd Street, Suite 1300
Riverfront Plaza, West Tower
Richmond, Virginia 23219
Telephone: (804) 663-2340
Facsimile: (804) 843-1809
*Counsel for Defendants*

47726712.1